# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN J. THARP JR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0030 | **DATE** | 7/16/2012 |
| **CASE TITLE** | Ron Haddad, Jr. (#113266) vs. Officer D. Brown, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is denied, and the complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), Fed. R. Civ. P. 12(b)(1), and Fed. R. Civ. P. 12(b)(6). The case is terminated. The plaintiff's motion for appointment of counsel [#4], motion for a continuance and for limited reassignment [#9], and motion to correct Question/Answer A [#10] are denied as moot.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

Ron Haddad, Jr., currently an inmate at the McHenry County Jail, has brought this *pro se* civil rights action presumably pursuant to 42 U.S.C. § 1983. The plaintiff's complaint stems from state court proceedings related to traffic citations he received in July 2008. The plaintiff claims that (1) an Oak Park police officer falsely arrested him; (2) a judge refused to consider his exculpatory evidence and committed other trial errors; and (3) the Cook County Sheriff denied him access to the courts by informing him that he was [wrongfully] barred from entering a Cook County courthouse because he was considered a security threat.

This is the plaintiff's second lawsuit arising out of the same sequence of events. *See Haddad v. Brown*, Case No. 08 C 6417 (N.D. Ill.). In Case No. 08 C 6417, the plaintiff advanced the same, basic claims against the same defendants. Principles of issue preclusion bar the plaintiff from relitigating these matters. Furthermore, the plaintiff's claims are untimely.

By Memorandum Opinion and Order of May 20, 2009, the court (Darrah, J.) dismissed the plaintiff's earlier claims against Judge Zafaritos pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the basis that the *Rooker-Feldman* doctrine barred suit or, in the alternative, that the judge was entitled to absolute judicial immunity. On May 26, 2009, the court dismissed the case as to all remaining defendants on the grounds that the *Rooker-Feldman* doctrine or, in the alternative, the doctrine of *Heck v. Humphrey*, forestalled the plaintiff's lawsuit. [The *Rooker-Feldman* doctrine is a jurisdictional bar that prohibits federal district courts from reviewing

**(CONTINUED)**

| | mjm |
|---|---|

final state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia* Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). Under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated."]

The preclusive effect of Judge Darrah's prior dismissal dictates that this suit must likewise be dismissed for lack of subject matter jurisdiction. "Collateral estoppel (issue preclusion) will bar relitigation of the grounds on which the [first] suit was dismissed." *Robinson v. Sherrod*, 631 F.3d 839, 843 (7th Cir. 2011). "[A] jurisdictional dismissal is *res judicata* on the jurisdictional issue." *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999). When a plaintiff responds to a jurisdictional dismissal by filing a substantially similar complaint in federal court, the district court's earlier dismissal is binding. *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1182 n. 4 (7th Cir. 1989); *see also Murry v. Gibbs*, No. 01 C 0550, 2001 WL 34379615, *1 (W.D. Wis. Oct. 19, 2001) ("the doctrine of *res judicata*, or claim preclusion, bars petitioner from relitigating the issue of subject matter jurisdiction, after he was denied leave to proceed for that reason"). Because the plaintiff never appealed Judge Darrah's dismissal order, that decision stands. A final adjudication on subject matter jurisdiction cannot be collaterally attacked. *Dexia Credit Local v. Rogan*, 602 F.3d 879, 883 (7th Cir. 2010) (citing *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009); *Kontrick v. Ryan*, 540 U.S. 443, 455 n. 9 (2004)).

In addition, even ignoring concerns of issue preclusion, this case appears to be time-barred. In Illinois, the statute of limitations for Section 1983 actions is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). The complaint in this case concerns events that took place in 2008, some four years ago. Any federal cause of action would therefore seem to have expired, regardless of whether the plaintiff's claims would otherwise be actionable.

For all of the foregoing reasons, the complaint is hereby dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a viable claim. The *Rooker-Feldman* doctrine and the statute of limitations both bar the plaintiff's claims. The case is terminated. The plaintiff's motions for appointment of counsel, for a continuance, and to correct the motion for appointment of counsel are denied as moot. The court has no occasion to consider whether the doctrine of *res judicata* poses a third obstacle to bringing suit (in light of Judge Darrah's previous finding that absolute judicial immunity and *Heck* barred the plaintiff's claims).

**(CONTINUED)**

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g) in light of his current prisoner status [the plaintiff was not incarcerated when he initiated suit]. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*